```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

PAUL J. McMANN,                    )
        Plaintiff,                 )
                                   )
        v.                         )    C.A. No. 12-11952-PBS
                                   )
UNITED STATES,                     )
        Defendant.                 )
```

                          MEMORANDUM AND ORDER

SARIS, D.J.

   For the reasons set forth below, plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

                              BACKGROUND

   On October 15, 2012, Paul McMann, a pretrial detainee at Wyatt Detention Facility in Central Falls, Rhode Island, filed a civil rights complaint alleging violation of his rights under the Speedy Trial Act.  McMann was charged with one count of wire fraud in violation of 18 U.S.C. § 1343.  See United States v. McMann, C.R. No. 10-10387-RWZ (pending).

   McMann brings the instant action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for the alleged violation of his constitutional rights.[1]  McCann is seeking a

---

   [1]In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.  Harlow v. Fitzgerald, 457 U.S. 800, 814-20, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Case law involving Section 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S.

change in the place of his confinement and asks this Court to order his transfer to a Bureau of Prisons federal prison facility.

SCREENING

The instant complaint names the United States as the sole defendant.[2]  Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  Although pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff has not stated a Bivens claim against the United States.

DISCUSSION

While a Bivens action allows constitutional claims to be raised against federal officials in their individual capacities, Bivens does not override the federal government's sovereign immunity which prohibits suits against the United States, its agencies, or federal officers sued in their official capacities. See Chiang v. Skeirik, 582 F.3d 238, 243 (1st Cir. 2009) (citing

---

825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

[2]The Court's records indicate that McMann also filed a Bivens complaint against the United States and Attorney General Holder.  See McMann v. United States, et al., C.A. No. 12-11872-PBS (procedural order re: filing fee issued 12/10/12).

McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006); see also United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).  The proper defendant in a Bivens action is not the United States or its agencies, but the individual federal employee that directly participated in the alleged denial of plaintiff's constitutional rights.  See FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Finally, McMann cannot challenge the duration (i.e. length) of his pretrial confinement in this Bivens action.[3]  For federal pretrial detainees such as McMann, courts have strongly preferred that the detainee first file a Motion for Revocation or Amendment of the Order of detention pursuant to 18 U.S.C. § 3145(b)-(c), as opposed to first seeking section 2241 relief.  See Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988) (to be eligible for habeas corpus relief under § 2241, federal pretrial detainee generally must exhaust other available remedies).  Here, the Court's records indicate that Judge Zobel denied McMann's counseled motion for revocation of pretrial detention.  See

---

[3] A party only may challenge his custody through a habeas petition and may not also seek monetary relief.  See Preiser v. Rodriquez, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws).

3

11/16/12 Memorandum and Order, <u>United States v. McMann</u>, C.R. No. 10-10387-RWZ (Docket No. 79) (risk of flight).  Without expressing an opinion on whether McMann has a viable claim for Section 2241 habeas relief, this Court is without jurisdiction to entertain such a petition.  See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted).

<u>ORDER</u>

Based upon the foregoing, it is hereby ORDERED that plaintiff's complaint is dismissed, sua sponte, pursuant to 28 U.S.C. § 1915A(b)(1), without assessment of the filing fee, without prejudice and without leave to amend because such amendment would be futile.

SO ORDERED.

 March 26, 2013                 /s/ Patti B. Saris
DATE                            PATTI B. SARIS
                                UNITED STATES DISTRICT JUDGE